## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANNA R. BLANKENSHIP AS** | : | |
| **ADMINISTRATRIX OF THE ESTATE** | : | |
| **OF ABBAGAYLE GRACE** | : | **CIVIL ACTION** |
| **BLANKENSHIP, DECEASED AND** | : | |
| **DANNA R. BLANKENSHIP IN HER** | : | |
| **OWN RIGHT,** | : | **No. 11- 04153** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **GRACO CHILDREN'S PRODUCTS,** | : | |
| **INC., et al.** | : | |
| **Defendants** | : | |

### M E M O R A N D U M

**STENGEL, J.**                                                    October 6, 2011

This is a product liability action for claims regarding an automobile child safety seat manufactured by Graco Children's Products, Inc., and a child safety seat insert designed by Goldbug, Inc., and/or Gold, Inc.  The action concerns a car accident which occurred in Botetourt County, Virginia while Plaintiffs were traveling home from the Carilion Clinic in Virginia.  Plaintiff alleges that the safety seat's defective design caused the death of Abbagayle Blankenship.

The Defendant Graco Children's Products, Inc., is a Delaware Corporation with its principle place of business in Georgia and Goldbug, Inc., and Gold, Inc. are incorporated in Colorado with their principle places of business in Colorado.  Defendant removed the action to this court and now moves to dismiss for improper venue pursuant to 28 U.S.C. §

1391(a)[1] or, alternatively, to transfer for improper venue to the Western District of

Virginia pursuant to 28 U.S.C. §1404(a). For the reasons set forth below, I will grant the

Defendant's Motion for Transfer.

## I.  BACKGROUND

On June 29, 2009, Plaintiffs were involved in an automobile accident on Route

640 Broughs Mill Road in Botetourt County, Virginia. The Plaintiff alleges that the

driver of the vehicle, Denna Blankenship, lost control of the vehicle and crashed into an

embankment. (Compl. at ¶ 37). Abbagayle Blankenship sustained fatal injuries in the

accident. (Compl. at ¶ 38). At the time of her death Abbagayle Blankenship was a

resident and citizen of Virginia and at all relevant times Danna Blankenship and Denna

Blankenship were residents and citizens of Virginia. (Compl. at ¶¶ 24-25).

Plaintiffs state that the car seat at issue was installed by a hospital employee at the

Carilion Clinic in Virginia (Compl. at ¶ 44). After the accident, Plaintiffs were taken

back to the Carilion Clinic where they were treated for injuries sustained in the crash. On

May 31, 2011, Plaintiff also filed a negligence and strict liability action in the Circuit

Court of the City of Roanoke, Virginia related to the same automobile accident. (Doc.

---

[1] In general, when federal jurisdiction is based on diversity, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

For actions removed from state court, however, venue is governed by 28 U.S.C. § 1441(a), which requires that such actions be removed to "the district court of the United States for the district and division embracing the place where [the state court] action is pending." See Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665-66 (1953). Additionally, 28 U.S.C. § 1391 applies only to actions initially brought in federal court, not to actions that are initially filed in state court and subsequently removed to federal court. Therefore, this court will not address Defendant's motion to dismiss under 28 U.S.C. § 1391(a) as it is improper and address only Defendant's motion to transfer under 28 U.S.C. § 1404(a).

#3[2] at 7).  In addition to claims against Graco, Goldbug, and Gold, the Virginia Complaint also contains causes of action for negligence against Denna Blankenship and John Doe (the Clinic employee charged with installing the car seat) as well as the Carilion Clinic.  Id.

## II.   STANDARD

When a defendant moves for dismissal of a plaintiff's claims under Federal Rule of Civil Procedure 12(b)(3), it bears the burden of proving that venue is proper in the transferee district and that convenience and justice would be served by transferring the action to another district.[3]  See Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1981); and Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  Even though venue is proper in this district, these actions may still be transferred to another venue pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a); and Lempke v. GE, 2011 U.S. Dist. LEXIS 96185 *8 (E.D. Pa. Aug. 23, 2011) (citing Jumara, 55 F.3d at 878 (stating "1404(a) provides for the transfer of a case where both the original and the requested venue are proper.").  An action may be brought in another district if (1) venue is proper in the transferee district; and (2) the transferee district can exercise personal jurisdiction over the defendants.  Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970).

---

[2] Defendant Graco's Motion to Dismiss for Improper Venue or in the Alternative to Transfer, Blankenship v. Goldbug, Inc., et. al. No. 11-cv-4153 (E.D. Pa. Filed July 1, 2011).

III.   DISSCUSSION

Section 1404(a) vests "discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964). In their discretion, courts have not solely considered the three itemized factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), but have instead "consider[ed] all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." See Jumara, 55 F.3d at 879 (quoting 15 Charles A. Wright et al., Federal Practice & Procedure § 3848 (2d ed. 1986)); and Lempke, 2011 U.S. Dist. LEXIS 96185 *8 (E.D. Pa. Aug. 23, 2011).

Such private factors include (1) the plaintiff's forum preference; (2) the defendant's forum preference; (3) where the events giving rise to the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the location of books and records, limited to the extent that the files could not be produced in the alternative forum. See Lempke, 2011 U.S. Dist. LEXIS 96185 *8 (E.D. Pa. Aug. 23, 2011); and TriState HVAC Equip., LLP v. Big Belly Solar, Inc., 752 F. Supp. 2d 517, 537-38 (E.D. Pa. 2010).

Public interests that may be relevant to the § 1404(a) analysis are (1) the enforceability of the judgment, (2) considerations of the expense and expedience of trial, (3) court congestion, (4) interest of state citizens, (5) the public policies of the forum

state, and (6) the familiarity of the trial judge with the choice of law.  See Jumara, 55 F.3d at 879-80; TriState HVAC Equip., 752 F. Supp. 2d at 538.

Plaintiff has not contested that these actions "might have been brought"[4] in the Western District of Virginia, but has instead argued that Defendant has failed to meet its burden of showing that the § 1404(a) factors favor transfer.

1.  Forum Preference

Traditionally, "a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed."[5]  Shutte, 431 F.2d at 25.  However, it is also well established that a plaintiff's choice of forum "is not always controlling; otherwise Section 1404(a) would be meaningless."  Bartolacci v. Church of Jesus Christ of Latter Day Saints, 476 F. Supp. 381, 383 (E.D. Pa. 1979).  Additionally, where the "Plaintiff chooses a forum other than her state of residence, her choice is given less weight."  Weber v. Basic Comfort, Inc., 155 F. Supp. 2d 283, 285 (E.D. Pa. 2001).  The Plaintiffs' choice is given even less deference if none of the operative facts occurred in the forum state.  White v. SmithKline Beecham Corp., 2007 U.S. Dist. LEXIS 30954, 2007 WL 1237952, at *2 (E.D. Pa. 2007); and McMillan v. Weeks Marine, Inc., 2002 U.S. Dist. LEXIS 23610, 2002 WL 32107617, at *1 (E.D. Pa. 2002).

---

[4] See 28 U.S.C. § 1404(a)

[5] The Defendant's forum preference is given considerably less weight than the Plaintiff's.  Conroy v. Penn. Turnpike Comm'n, 2011 U.S. Dist. LEXIS 12564, 2011 WL 578779, at *2 (W.D. Pa. 2011) (quoting Penn Mut. Life Ins. Co. v. BNC Nat'l Bank, 2010 U.S. Dist. LEXIS 91362, 2010 WL 3489386, at *8 (2010)).

It is undisputed that Ms. Blankenship does not live in this district – she is a resident of Virginia.  The court also notes that none of the defendants reside in the Western District of Virginia,[6] but many of the party witnesses are residents of Virginia as well as many fact witnesses.[7]  Ms. Blankenship argues that she has a "legitimate, rational reason" for choosing the forum state because Graco was founded in Philadelphia, Pennsylvania,[8] with its principal place of business in Exton, Pennsylvania,[9] and the allegedly defective product was designed and tested in this district.  Additionally, she contends that litigation in Pennsylvania is not inconvenient, and she has retained an expert who is from Pennsylvania.[10]

Graco argues that Plaintiff's choice of forum should be given less deference because she does not live in the forum state.  (Doc #20[11] at 3).  Additionally, Graco contends that the most important facts of a product liability action are where the accident occurred.  Id.  Plaintiff and Defendant argue as to whether any of the operative facts that gave rise to the incident took place in this forum.

---

[6] The Defendant has mentioned that the hospital and the hospital employee may be necessary parties to the action. The hospital, Carilion Clinic, is located in Virginia and it is possible that the "John Doe" hospital employee resides in Virginia.  Although, Plaintiff does not show signs of adding new defendants and I do not think that they are necessary parties.

[7] Some witnesses include: (1) The driver of the vehicle at the time of the accident, Denna Blankenship, (2) Employees at the hospital, who witnessed the events after the accident, (3) the hospital employee who installed the car seat, "John Doe," and (4) fact witnesses from the scene of the accident, such as police officers and investigators.

[8] Originally named Graco Metal Products, Inc.

[9] The label on the allegedly defective car seat identifies Exton, PA, which was manufactured in 2007.  Graco moved its principal place of business to Atlanta, GA in 2009.  (Doc #15 at 5).

[10] Defendant argues that location of an expert witness is of no concern.

[11] Defendant's Reply in Support of its Motion to Dismiss, Blankenship v. Goldbug, Inc., et. al. No. 11-cv-4153 (E.D. Pa. Filed Aug. 17, 2011).

2.  <u>Whether the Claims Arose Elsewhere</u>

In her motion opposing Defendant's motion to transfer (Doc. #15[12]), plaintiff argues that because this is a product liability action, its "situs" is the location the product was designed and manufactured.  (Doc. #15 at 5).  Therefore, the fact that an injury occurred in Virginia is not a finding that compels transfer to that location.[13]  <u>See, e.g.</u>, <u>Duvall v. Avco Corp.</u>, 2006 U.S. Dist. LEXIS 6094, 2006 WL 723484, at *2 (M.D. Pa. 2006) ("[T]he claims asserted against the Defendants are of a product liability nature, therefore the physical location of the accident carries less weight than the Defendants assert.").

I agree that in many products liability cases, the location of the accident may be unimportant in establishing proper venue.  However, the record in this case suggests that the site of the accident is likely to be particularly important as this litigation proceeds.  The Defendants claim the injuries were caused by the actions of third parties.  Thus, it appears that much of this litigation will focus not only upon whether the product was defective, but also upon the actions of the hospital employee who installed the seat as well as the actions of the driver and responding medical personnel.  All of this suggests that the location of the accident is likely to be a particular focus of these actions.  Accordingly, the court finds that this factor weighs significantly in favor of transfer.

---

[12] Plaintiff's Response in Opposition to Motion to Dismiss, <u>Blankenship v. Goldbug, Inc., et. al</u>. No. 11-cv-4153 (E.D. Pa. Filed Aug. 1, 2011).

[13] As a note, Plaintiff has not alleged that any of the documents allegedly located in Eastern Pennsylvania could not be produced elsewhere.  <u>See</u> <u>Jumara</u>, 55 F.3d at 879.

3.  <u>The Convenience of the Witnesses</u>

The convenience of witnesses is often cited as the most important factor in a motion to transfer venue under § 1404(a).  See <u>Headon v. Colo. Boys Ranch</u>, 2005 U.S. Dist. LEXIS 44141, 2005 WL 1126962, at *7 (E.D. Pa. May 5, 2005).  In <u>Jumara</u>, the Third Circuit noted that § 1404(a) motions consider the convenience of the witnesses to the extent that the witnesses may actually be unavailable for trial in the forum.  <u>Jumara</u>, 55 F.3d at 879.  Additionally, the focus should be on non-party witnesses and their relative importance.  <u>TriState HVAC Equip.</u>, 752 F. Supp. 2d at 539 (quoting <u>Hillard v. Guidant Corp.</u>, 76 F. Supp. 2d 566, 570 (M.D. Pa. 1999));  <u>Lucent Techs., Inc. v. Aspect Telecomms. Corp.</u>, 1997 U.S. Dist. LEXIS 12811, 1997 WL 476356, at *5 (E.D. Pa. 1997).

Graco has established that it would be inconvenient for many witnesses to have trial in this district.  Graco claims that many fact witnesses, such as the police and medical responders as well as bystander witnesses are all located in Virginia.  Although it has not shown that it would be impossible for all of the fact witnesses to be present at trial, Graco has shown that this court does not have jurisdiction over a number of important witnesses.  For example, Graco claims that Denna Blankenship, John Doe, and the Carilion Clinic are all indispensible parties, who have no ties to Pennsylvania.  (Doc. #3 at 11).  See <u>Austin v. Johns-Manville Corp.</u>, 524 F. Supp. 1166, 1169 (E.D. Pa. 1981) (stating that the party seeking the transfer must clearly specify the key witnesses to be called).

4. Other Factors

The parties also discuss the applicability of other factors, such as choice of law and fairness and expense of trial. Ms. Blankenship argues that the parties Graco deems indispensable are not necessary parties to the action. Additionally, the books and records regarding the design and manufacturing of the subject car seat will all be in this district.[14] Ms. Blankenship also contends that, because the car seat was manufactured in this district, Pennsylvania's choice of law should apply.

Graco argues that it cannot fairly litigate this case in the current district because of the indispensable parties who would not be present in the litigation.[15] Additionally, it would be less expensive for these domiciliaries of Virginia to serve as witnesses in their own state. Graco asserts that important documentation, such as the decedent's medical records and accident reports are in Virginia. Finally, Graco argues that under choice of law rules, Virginia law would apply because Pennsylvania has no interest in the litigation. These factors weigh slightly in favor of transferring this action to the Western District of Virginia.

**IV.   CONCLUSION**

Having reviewed the briefing submitted by the parties, I find that transfer to the Western District of Virginia is appropriate. Although certain factors, such as Plaintiff's forum choice weigh in favor keeping this action here, two important factors the location

---

[14] Graco contends that its books and records provide no issue because many are electronic or easily transportable.

[15] Graco contends that it would not be able to implead these witnesses and mount a complete defense (the driver, Denna Blankenship, the Carilion Clinic, and John Doe).

of the accident and the fact that many important witnesses are in Virginia weigh much more strongly in favor of transfer.  Therefore, I will grant Defendant's Motion to Transfer Venue.

An appropriate order follows.